BERWIND–WHITE COAL MINING CO. v. EASTERN S. S. CORP.

(District Court, S. D. New York. January 11, 1916.)

RECEIVERS ⬥174—ACTIONS—LEAVE TO SUE.

Judicial Code (Act March 3, 1911) c. 231, § 24, 36 Stat. 1091 (Comp. St. 1913, § 991), gives the District Court jurisdiction of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy, where the common law is competent to give it. Section 267 (Comp. St. 1913, § 1244), provides that suits in equity shall

not be sustained in any case where a plain, adequate, and complete remedy may be had at law. Section 66 (Comp. St. 1913, § 1048), provides that every receiver of any property appointed by any United States court may be sued in respect to any act or transaction in carrying on the business connected with such property without leave of court, but that such suit shall be subject to the general equity jurisdiction of the court in which such receiver was appointed, so for as may be necessary to the ends of justice. Certain persons injured in a collision between a steam yacht and a passenger steamship obtained leave to sue the receiver of the corporation owning the steamship, and brought suits in which the receiver answered. The owner of the yacht commenced limitation proceedings in admiralty, and the receiver thereupon moved to modify the order giving leave to sue so as to limit the actions to suits in equity on the admiralty side of the court. *Held*, that the court had no power to deprive the plaintiffs of a trial by jury, and, even if the motion was addressed to the discretion of the court, it would be denied, as juries are peculiarly fitted to try negligence actions, and the receiver could protect the receivership estate by filing a contingent claim in the limitation proceeding or taking other steps for that purpose.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–343; Dec. Dig. ☞174.]

In Admiralty. Action by the Berwind-White Coal Mining Company against the Eastern Steamship Corporation. On motion by the receiver of the defendant to modify an order giving leave for the commencement of actions at law against the receiver. Motion denied.

John W. Griffin, of New York City, for the motion.

Eidlitz & Hulse and John Delahunty, both of New York City, opposed.

MAYER, District Judge. The receiver of defendant herein seeks to modify an order made on September 23, 1915, giving leave to Martha A. Waugh and Archie E. Waugh, to commence actions at law against the receiver so as to limit their actions to suits in equity on the admiralty side of the court. The Waughs commenced separate actions at law on October 21, 1915, against joint defendants, viz., Cornelius K. G. Billings and Calvin Austin, as receiver of Eastern Steamship Corporation. The receiver filed his answer in each of the actions, but Billings began limitation proceedings in admiralty. The actions of the Waughs are for damages for negligence, and arise out of a collision between the steamer Bunker Hill, a passenger carrying vessel owned by Eastern Steamship Corporation, and the steam yacht Vanadis, owned by Billings.

Judicial Code, § 24, provides, among other things, that the District Court shall have jurisdiction:

"Third. Of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it. * * *"

And it is further provided in section 267:

"Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

There can be no doubt that the common law is competent to give to the Waughs the remedy which they seek, and it is equally certain

that plaintiffs can obtain, in their cases, a plain, adequate, and complete remedy at law.

Of course, it was not necessary for the Waughs to obtain leave of court to bring action against the receiver, in view of section 66 of the Judicial Code:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed"

—but it is now urged that the court, because of its general control of its receivers, can and should grant this motion, reference being had to that part of section 66 of the Judicial Code which provides:

"Such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

Naturally, there may be some questions of convenience, but we are not dealing with questions of convenience, but with rights, and I find no power anywhere which will deprive the Waughs, or others similarly situated, of a trial by jury.

The receiver should have no difficulty in safeguarding his rights by filing a contingent claim in the Vanadis limitation proceeding, or taking other steps fully to protect the receivership estate; and, if the receiver takes the necessary steps, there is no reason to doubt that the court will take such course as may appropriately preserve the rights of all concerned.

Finally, if it could be successfully contended that this motion is addressed to the discretion of the court, I would deny it because I think that juries are peculiarly fitted to try negligence actions, and my experience is, as averages go, that they reach very sensible and just results.